## Dickson v. Dickson

*Dickie, McCamey, Chilcote, Reif & Robinson,* for plaintiff.

*Evans, Ivory & Evans,* for defendant.

NIXON, J., August 9, 1951.—The facts in this case justify a divorce upon the grounds of cruel and barbarous treatment and indignities. The only question raised by defendant is one of jurisdiction.

Plaintiff testified that she had lived all her life in Pittsburgh, Pa. We are satisfied that she has been a resident of Pittsburgh all of that time. For several years prior to November 4, 1947 (the date of her marriage in Manila) she was employed in Red Cross work and other kindred activities both in and outside of the continental United States. Defendant agrees that such activity did not destroy her Pittsburgh residence. Defendant, however, contends that when she married him

in Manila she lost her Pittsburgh residence. With this we cannot concur. A wife's residence is not always that of her husband: Rosenberg v. Rosenberg, 163 Pa. Superior Ct. 138. See also section 28 of the A. L. I. Restatement of the Law.

Defendant's residence was most uncertain. He was a civilian attached to an Army camp near Manila, P. I., and lived temporarily, prior to that time, at various addresses in Washington, D. C., and, before that, in Utah, where his parents lived. Defendant has not met the burden of proof which is upon him under the law: Nixon v. Nixon, 329 Pa. 256; Alburger v. Alburger, 138 Pa. Superior Ct. 339, 341; Reimer v. Reimer, 160 Pa. Superior Ct. 509; Addison v. Addison, 147 Pa. Superior Ct. 267, and Rosenberg v. Rosenberg, 163 Pa. Superior Ct. 138.

In the Rosenberg case, ibid, which we feel is controlling in the present proceeding, the court held that "bona fide" residence within the meaning of the Divorce Law means residence with domiciliary intent, that is, a home in which the parties actually live.

159 A. L. R. at page 507 cites the following:

"The established domicile of a woman who had always lived in Illinois until her marriage in New York to an international itinerant, who never had established any permanent domicile, although his technical domicile was Italy, did not shift to that of her husband until he had established one elsewhere, and, he not having done so, she could maintain a divorce proceeding in Illinois."

Under the law and the evidence we are compelled to find that the residence of plaintiff did not shift from Pittsburgh, Allegheny County, Pa., to the uncertain dwelling place of defendant in an Army camp near Manila, P. I., especially since defendant wholly failed and neglected to establish any dwelling place with dom-

iciliary intent as a home, ever so humble, in which the parties could actually live.

This court has jurisdiction. A divorce will be granted.